| | |
|---|---|
| **STATE OF LOUISIANA VERSUS**<br><br>Troy Tate<br>**NAME**<br>**SOC/SEC#:** ▮▮▮<br>**RACE:** White **SEX:** Male **DOB:** ▮▮▮<br><br>31145 Blount Ln<br>Walker, La<br>**ADDRESS** | **NO.** 24-00010114<br><br>**LOUISIANA**<br><br>**TWENTY-FIRST JUDICIAL DISTRICT COURT**<br>**PARISH OF LIVINGSTON**<br>**STATE OF LOUISIANA**<br><br>THE UNDERSIGNED,<br><br>Agent Keaston Evitt ▮▮▮<br><br>WHO, HAVING BEEN BY ME DULY SWORN, DID DEPOSE AND SAY; |

**ARREST**
**DATE:** 07 / 17 / 2024
**TIME:** 1803 ☐ AM ☒ PM
**BOND:** ____

THAT ONE Troy Tate ON THE 17th DAY OF July, 2024, IS CHARGED WITH PWITD Sch II CDS, PWITD Sch I CDS, PWITD Sch I CDS, Possession of Drug Paraphernalia, RS No. 40:967(A), 40:966(A), 40:966(A), 40:1023.

000013

**PROBABLE CAUSE IS:**

On July 17, 2024 Agents with the Livingston Parish Sheriff's Office Narcotics Division were contacted by a confidential informant (CI) stating they had information that Kelvin "Bo-Bo" Johnson (Black/Male DOB ▮▮▮▮▮▮▮) was in possession of a large quantity of fentanyl and methamphetamine. The CI also stated Johnson was involved in the trafficking of large amounts of fentanyl and methamphetamine. Furthermore, the CI informed Agents, that Johnson provided the source's wife with a large quantity of fentanyl which she recently overdosed after consuming. The CI further stated he was able to revive his wife during the incident using Narcan. The CI then stated he already arranged a meeting with Johnson prior to contacting Agents to meet a notary at an address identified as 31145 Blount Ln, Walker, LA 70785. The purpose of the meeting was to conduct a bill of sale on a 4-wheeler. The CI further stated he also spoke with Johnson about purchasing a quantity of narcotics from him, specifically one ounce of fentanyl and one ounce of methamphetamine. The CI stated he was more than willing to drive to the residence on Blount Ln to meet Johnson with an audio and video recording device so that Agents could monitor and observe the drug transaction. Agents met with the CI and provided him with an audio/video recording device which he then proceeded to the Blount Ln to meet Johnson. When the CI arrived at the residence Agents observed Johnson on the recording device and were able to positively identify him as he has a lengthy arrest record and is known by Agents through previous investigations. Furthermore, Agents observed the CI and Johnson go into the residence conduct the bill of sale paperwork, and then begin to discuss the overdose incident with the CI's wife. Several minutes into the meeting, Agents observed Johnson reveal a large quantity of suspected fentanyl and methamphetamine on a kitchen table where the paperwork was being processed. Johnson was observed placing the narcotics on a digital weight scale appearing to weigh the quantity of narcotics in each bag. Soon after, the CI informed Johnson he was going to his residence to collect money for the narcotics. Johnson stated he would meet the CI later in Denham for the purchase of narcotics. Once departed from the residence, the CI contacted Agents and informed them he observed Johnson weigh approximately one ounce of fentanyl and one ounce of methamphetamine on the digital scale at the table. It was at this time Agents continued conducting surveillance on the residence and observed a white Dodge truck depart the residence. Agents followed the vehicle into the city limits of Walker where Criminal Patrol Deputies conducted a traffic stop on the truck for violations. Deputies and Agents contacted the male at the truck and positively identified him as Johnson. Johnson was read his rights per Miranda. Agents then began to interview Johnson and he admitted a female notary departed the residence with approximately one-half ounce of methamphetamine. Johnson also stated a male who resides at the residence possessed one-half ounce of heroin, psilocybin mushrooms, and LSD. Johnson then confessed to having approximately one-half ounce of each of fentanyl and methamphetamine in his buttocks crack. Johnson retrieved the narcotics himself and Affiant located the narcotics Johnson described as well as Adderall. Affiant believes with the observed audio/video surveillance, the information provided by the CI, and Johnson's statements there is a large quantity of narcotics located at 31145 Blount Ln, Walker, LA 70785. Affiant requested a search warrant be issued for the aforementioned location, to execute a search and seize any and all illegal narcotics and contraband. Once the search warrant was signed and approved by the honorable Judge Johnson, Agents, and Criminal Patrol Deputies went to the residence to execute the warrant. Upon arriving at the residence, Agents were able to gain access to the residence and detain Christopher Jones, Jessica Thornton, and Troy Tate. Once secured, Affiant spoke with Jones privately and read his rights per Miranda. Jones then informed Affiant he received a quantity of fentanyl, LSD, and psilocybin mushrooms from Kelvin Johnson. Jones then led Affiant to his shed and showed where the narcotics were hidden in a toolbox. Affiant also located digital weight scales in the tool shed. Jones then stated he hid the narcotics after Johnson left the residence until Johnson arrived back at the residence. Jones also stated he was a felon and possessed a shotgun in his closet. Which Affiant also located and observed to be sawed off. Let it be known Jones is a convicted felon. Affiant believes both Jones and Tate had access to the narcotics in the shed. At the conclusion of the search, all subjects were transported to the Detention Center and booked accordingly.

WITHIN THIS STATE AND PARISH, AND THE JURISDICTION OF THE 21ST JUDICIAL DISTRICT COURT, CONTRARY TO THE FORM OF THE STATUTES OF THE STATE OF LOUISIANA IN SUCH CASE MADE AND PROVIDED, AND AGAINST THE PEACE AND DIGNITY OF THE SAME.

WHEREFORE, DEPONENT PRAYS THAT THE SAID ACCUSED BE ARRESTED AND DEALT WITH ACCORDING TO THE LAW.

_____
AFFIANT

SWORN TO AND SUBSCRIBED BEFORE ME THIS 17th DAY OF July, 20 24.

_____ Ex-officio #202557
NOTARY

### DETERMINATION OF PROBABLE CAUSE

BASED ON THE AFFIDAVIT AND ANY OTHER WRITTEN EVIDENCE PRESENTED TO ME, I HEREBY FIND THAT THERE ☐ IS ☐ IS NOT PROBABLE CAUSE TO CONTINUE TO HOLD THIS PERSON.

DATE: _____, 20____

TIME: _____ ☐ AM ☐ PM

_____
JUDGE, 21ST JUDICIAL DISTRICT COURT